IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES HENRY ROGERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:09CV524 |
| | ) | |
| ALVIN KELLER, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, has filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 11, 2003, in the Superior Court of Guilford County, Petitioner pled guilty to one count of second-degree murder, four counts of first-degree kidnapping, three counts of assault with a deadly weapon with intent to kill inflicting serious injury, and four counts of robbery with a dangerous weapon in cases 01CRS23703-13, and -86647. Petitioner admitted through counsel that an aggravating sentencing factor existed, i.e., that he had acted in concert with others while committing these crimes, but had not been charged with conspiracy. He was then sentenced according to the exact terms of his plea bargain. Petitioner received a sentence of 196 to 245 months for the second-degree murder conviction, a sentence of 92 to 120 months for one of the kidnappings, and a sentence of 72 to 96 months for the other three kidnapping charges. The remaining charges were consolidated into the judgment carrying the 92- to 120-month sentence. The first two

sentences were in the aggravated sentencing range, while the third was in the presumptive range. All three sentences were consecutive to each other. This resulted in a total sentence of 30 to 38.42 years of imprisonment for Petitioner. The State also dismissed charges for first-degree burglary, assault by pointing a gun, communicating threats, and speeding.

Petitioner did not file a direct appeal. However, he did file a motion for appropriate relief in the trial court on April 14, 2007. This motion was summarily denied in part and granted in part in an order issued on July 3, 2008. Petitioner claimed in his motion for appropriate relief that two of his sentences violated Blakely v. Washington, 542 U.S. 296 (2004), because the aggravating factor used in his case was not alleged in an indictment or found by a jury. He also claimed that his convictions for robbery with a dangerous weapon were invalid because the indictments did not allege one of the essential elements of the offense and that his attorney provided him with ineffective assistance of counsel by failing to inform him of Blakely's impact and the defective indictments.

The trial court denied the Blakely portions of Petitioner's claims on the ground that Petitioner had admitted to the existence of the aggravating factor. However, it acknowledged that none of the challenged robbery indictments included an allegation that a firearm or other dangerous weapon was used or that the life of a person was endangered or threatened. The trial court concluded that this omission rendered those indictments defective under state

law. Petitioner sought to withdraw his guilty plea and proceed to trial, but the judge deciding his motion for appropriate relief determined that Petitioner was entitled only to have the judgment containing the invalid charges vacated and a new judgment entered reflecting the same sentence, but removing the invalid charges, which were then dismissed. (Docket No. 6, Ex. 11.) A new judgment reflecting these changes was entered shortly thereafter. (Id., Ex. 12.)

Petitioner sought writs of certiorari from the North Carolina Court of Appeals and North Carolina Supreme Court regarding the outcome of his motion for appropriate relief, but was unsuccessful. He then brought his Petition in this Court. Respondent has filed a motion for summary judgment, while Petitioner has responded with his own motion for summary judgment.

## **FACTS**

The transcript from Petitioner's sentencing reflects the following:

Petitioner and three co-defendants were involved in a drug dispute which led them to commit a home invasion, during which they robbed, at gunpoint, the four occupants of the house. One of the robbers placed a pillow over the head of one occupant while another robber pulled the trigger causing the death of the victim. The robbers cut the other occupants with a box cutter. Two victims had their throats cut, while the other victim suffered slashing in the abdomen. All three, however, survived the attacks. There was some conflict in the evidence concerning what role Petitioner played in

killing or harming the victims, but there was no question that he fully participated in the crimes.

**PETITIONER'S CLAIMS**

Petitioner raises three possible claims for relief, all of which are essentially restatements of the claims he raised in his state court motion for appropriate relief. He contends that the new judgment entered on the 92- to 120-month kidnapping conviction violates Blakely, that his guilty pleas to that charge and the charges consolidated with it were invalid because they resulted from ineffective assistance of counsel, and that the state courts erred in not allowing him to withdraw his plea and proceed to trial due to the defects in his robbery with a dangerous weapon indictments.

**LEGAL STANDARDS**

Where, as here, a petitioner's claims were adjudicated by the state courts on their merits, this Court must apply 28 U.S.C. § 2254(d)'s highly deferential standard of review to such claims. That statute precludes habeas relief in cases where a state court has considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as set out by the United States Supreme Court or the state court decision was based on an unreasonable determination of the facts. A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from

a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. "Unreasonable" is not the same as "incorrect" or "erroneous" and the reasonableness of the state court's decision must be judged from an objective, rather than subjective, standpoint. Id. at 409-11. As for questions of fact, state court findings of fact are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## DISCUSSION

Petitioner first claims that the imposition of a sentence in the aggravated range violated his rights under the Sixth Amendment of the United States Constitution. In this regard, he argues that, because the aggravating factor relied upon by the sentencing judge--the fact that he participated in his crimes with others but was not charged with conspiracy--was not alleged in the indictment or found by a jury beyond a reasonable doubt, Blakely bars imposition of a sentence above the presumptive range.

Blakely generally requires that any fact that increases a defendant's maximum punishment be alleged in the indictment and found by a jury; however, it also permits the use of such facts where a defendant admits them to the court. Blakely, 542 U.S. at 303-04. That latter scenario occurred in the present case. As

-5-

pointed out in the order deciding Petitioner's motion for appropriate relief, Petitioner agreed as part of his plea bargain that two of his sentences, including the one he now challenges, would fall in the aggravated range. Then, the prosecutor read into the record a factual basis that clearly showed that Petitioner acted in concert with three other persons. His attorney stated that he did not contest these facts. She even referenced the other persons who participated in explaining that Petitioner may not have been the person who shot the murder victim. Finally, during a discussion of the aggravating factor, Petitioner's attorney conceded the existence of the factor.

At multiple times and in multiple ways during the plea and sentencing process, Petitioner admitted the aggravating factor through counsel. He also received exactly the sentences that he was promised in his plea bargain. Under these circumstances, at a minimum, the state court's adjudication of this issue was not contrary to, nor did it involve an unreasonable application of, Supreme Court law. Accordingly, Petitioner's first claim should be denied.

### Claim Two

Petitioner next asserts that his "guilty pleas" were invalid because counsel provided ineffective assistance by failing to discover and to advise him that the indictments charging the robbery with a dangerous weapon counts had fatal defects. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a

reasonable standard for defense attorneys and, second, that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show the existence of a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have differed. Strickland, 466 U.S. at 694.

To the extent Petitioner challenges his pleas to the robbery charges, the state court vacated and dismissed those convictions. Petitioner faces no custody based on those convictions and this Court can provide no further remedy. On the other hand, if Petitioner contests his guilty pleas on the other consolidated convictions, any misadvice by counsel on the robbery convictions had no bearing on the validity of his admission of guilt on those charges. Petitioner makes no allegation that his counsel failed to investigate or to advise him regarding the other charges or that those indictments suffered from any defect.

Petitioner states in his brief that when he was originally sentenced, the judge might have exercised her discretion and sentenced him lower in the aggravated range if not for the inclusion of the robbery with a dangerous weapon charges. He

believes that he should have received "a new sentencing hearing on the three kidnapping charges or removing the aggravating factors." The record clearly refutes Petitioner's argument in this regard. First, all of Petitioner's sentences were exactly in accordance with the specific terms of his plea bargain. Further, even if the sentencing judge had any discretion to adjust Petitioner's sentence downward from the length agreed upon in the plea agreement, the record bears no indication that she had any inclination to do so. Finally, and most importantly, no reason exists to believe the presence of the consolidated robbery charges would have affected any reasonable sentencing judge's exercise of discretion.

The robbery convictions were consolidated for sentencing purposes with a kidnapping conviction and three counts of assault with a deadly weapon inflicting serious injury. Petitioner has offered nothing beyond speculation to suggest any reasonable sentencing judge would have imposed less punishment for the surviving convictions underlying the sentence at issue. Moreover, any technical defect with the robbery indictments does not alter the underlying circumstances of Petitioner's conduct that the sentencing judge would have considered.

Petitioner admittedly participated in an excessively brutal home invasion. The facts surrounding these events were fully set out in court during the plea process. Petitioner was sentenced based on that entire course of conduct and according to the exact terms of his plea bargain. The state court's refusal to allow him a full resentencing was not contrary to, nor did it involve an

unreasonable application of, the applicable precedent. Petitioner's second claim should be denied.

### Claim Three

Petitioner's third claim for relief is similar to aspects of his second claim. He contends that the presence of the invalid robbery convictions invalidates his entire plea bargain and entitles him to withdraw all of his guilty pleas and to proceed to trial. As discussed above, Petitioner has failed to show how the presence or absence of the robbery charges affected the validity of his guilty pleas to the more serious murder and kidnapping charges.[1]

Petitioner refers to his claim as one of actual innocence, but his use of this term makes no sense. Even as to the robbery charges, Petitioner succeeded, at most, in establishing legal innocence due to flawed indictments, not actual innocence. The flaws in the robbery indictments did not somehow affect the other indictments or Petitioner's innocence or guilt as to the other charges.

Nor could Petitioner succeed on a claim for breach of the plea agreement. The law long has provided that, where a prosecutor breaches a plea agreement, the agreement is subject to vitiation as involuntary. See generally Santobello v. New York, 404 U.S. 257

---

[1] In his reply brief, Petitioner argues that he was entitled to be present and to speak at his resentencing. To the extent defendants generally have such rights, an exception exists where, as here, the modification of the judgment in question does not make the sentence "more onerous." United States v. Jackson, 923 F.2d 1494, 1497 (11th Cir. 1991); Rust v. United States, 725 F.2d 1153, 1154 (8th Cir. 1984)

(1971). In such circumstances, a court must determine whether the plea rests in any significant degree on the particular promise or agreement which the prosecutor allegedly breached. See id. at 262.

In this case, Petitioner's three sentences were based on the murder and kidnapping convictions. The robbery charges did not change the ultimate sentence. The inducement for Petitioner to enter the plea bargain was avoidance of a first-degree murder conviction (which carried a sentence of life in prison or death, see N.C. Gen. Stat. § 14-17). (Docket No. 6, Ex. 11 at 2.) Petitioner agreed to three lengthy, but still lesser, sentences in order to get the State to forgo the first-degree murder prosecution. The state court's disposition of the defective robbery charges does not deprive Petitioner of the full benefit of his bargain. He has not shown any prejudice or entitlement to relief.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion for summary judgment (Docket Entry 8) be **DENIED**, that Respondent's motion for summary judgment (Docket Entry 5) be **GRANTED**, that the Petition (Docket Entry 1) be **DENIED**, and that Judgment be entered **DISMISSING** this action.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

October 6, 2010